[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10505
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cr-00170-RBD-GJK-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHANNAN LEE WINEMILLER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 8, 2017)

Before HULL, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Shannan Winemiller appeals his two convictions, following a jury trial, for aiming a laser pointer at an aircraft in violation of 18 U.S.C. §§ 39A and 2. He raises two primary arguments on appeal. First, he maintains that the district court erred by denying his motion to suppress key evidence that he claims was obtained by an unlawful stop and frisk. Second, he contends that the jury's verdict must be reversed because it was only supported by circumstantial evidence. We disagree.

The district court correctly denied Mr. Winemiller's motion to suppress. The motion took aim at two laser pointers found on his friend and co-defendant, Rolando Espinoza. Mr. Winemiller principally relies on the well-established rule that, without more, an officer cannot stop a defendant who is merely in an area with criminal activity. *See, e.g.*, *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000); *United States v. Perkins*, 348 F.3d 965, 971 (11th Cir. 2003). But Mr. Winemiller overlooks that there was more here.

The circumstances justified the responding officer's stop and frisk of Mr. Winemiller and Mr. Espinoza. The night of the arrest a commercial airline pilot reported being struck by a high-intensity laser. A police helicopter was sent to investigate and it too was then struck by a laser. An officer in the helicopter was able to identify the location from where the laser originated and observed that there were only two individuals in the area. The officer then requested ground support and relayed the information to the responding officer who arrived on the scene to

find only Mr. Winemiller and Mr. Espinoza.  The responding officer then flashed his spotlight on the two men and asked them to come forward with their hands up. Upon patting them down the officer found the first of the two laser pointers on Mr. Espinoza.

Under these circumstances, including the information relayed by the officer in the helicopter and the potential for any high-intensity laser to harm and disable an officer on the scene or an aircraft in flight, the officer was permitted stop and frisk Mr. Winemiller and Mr. Espinoza.  *See United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007) ("[A]n officer conducting a stop must have a reasonable, articulable suspicion based on objective facts that the person has engaged in, or is about to engage in, criminal activity.") (citation and quotation marks omitted); *United States v. Griffin*, 696 F.3d 1354, 1359 (11th Cir. 2012) ("Once an officer has stopped an individual, he may conduct a pat-down or frisk for weapons if he reasonably believes that his safety, or the safety of others, is threatened.") (citation omitted).  Mr. Winemiller, moreover, has failed to show that he had a reasonable expectation of privacy in his friend's pocket or porch that was protected by the Fourth Amendment.  *See United States v. McKennon*, 814 F.2d 1539, 1542–43 (11th Cir. 1987); *United States v. Sarda-Villa*, 760 F.2d 1232, 1236 (11th Cir. 1985).

We also have no quarrel with the questioning that resulted in the statement that there was a second laser pointer on Mr. Espinoza's porch.  A responding officer merely asked whether Mr. Winemiller and Mr. Espinoza had anything dangerous near the chairs where they had been sitting.  This inquiry was aimed at obtaining information for the officer's safety, and therefore permissible.  So too, then, was searching that area to locate the second laser pointer.  *See United States v. Newsome*, 475 F.3d 1221, 1224–25 (11th Cir. 2007).

Finally, the jury's verdict was supported by sufficient evidence.  Mr. Winemiller's main basis for the sufficiency challenge is that the government only presented circumstantial evidence against him.  We have repeatedly explained, however, that a conviction may be supported by circumstantial evidence so long as the jury could reasonably infer guilt from that evidence.  *See, e.g.*, *United States v. Isnadin*, 742 F.3d 1278, 1303 (11th Cir. 2014) (noting circumstantial evidence may support the jury's verdict).  Here the jury had enough to find, beyond a reasonable doubt, that Mr. Winemiller was guilty.  For example, Mr. Winemiller told the officers that he and Mr. Espinoza had been playing with lasers by pointing them at various objects, including aircraft, and he thought they had hit three or four aircraft.

**AFFIRMED.**

4